CLERK'S OFFICE U.S. DIST...
AT ROAN...
FILED
MAR 27 2012
JULIA C. DU...
BY:
DEP...

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| FRANK E. REID, | ) | Civil Action No. 2:11-cv-00031 |
|     Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| J. CARICO, et al., | ) | By: Samuel G. Wilson |
|     Defendants. | ) | United States District Judge |

This is an action by plaintiff, Frank Reid, an African American inmate at Wallens Ridge State Prison ("Wallens Ridge"), against four Wallens Ridge correctional officers, whom he alleges beat him without provocation, and against Bryan Watson, the former Wallens Ridge Warden, and Gene Johnson, the former Director of the Virginia Department of Corrections (the "VDOC"), whom he alleges "condoned or ratified" the use of excessive force against African American inmates. Initially, Reid raised a wide spectrum of constitutional claims pursuant to 42 U.S.C. § 1983 with several state law claims pursuant to this court's supplemental jurisdiction. At oral argument on various motions to dismiss, Reid jettisoned all constitutional claims except his Eighth Amendment excessive force and deliberate indifference to serious medical needs claims and all of his state law claims except assault and battery and intentional and negligent infliction of emotional distress. At this juncture, only the motion to dismiss the claims against the former Warden and the former Director remain,[1] and the court finds that Reid has made only

---

[1] Reid also alleged the Commonwealth of Virginia and VDOC violated his Eighth Amendment rights and are liable for state law assault and battery and intentional infliction of emotional distress. Reid conceded in his response in opposition to the defendants' motion to dismiss that the Commonwealth and VDOC are not proper parties to a § 1983 action. The Eleventh Amendment precludes federal courts from hearing state law claims against states and state agencies. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Equity in Athletics, Inc. v. Dep't of Educ., 639 F.3d 91, 107 (4th Cir. 2011). The VDOC is considered to be an arm of the state. Young v. Dep't of Corr., No. 7:11cv352, 2011 WL 3163354, at *1 (W.D. Va. July 26, 2011) (citations omitted). As Reid has conceded the Commonwealth and VDOC are not proper parties to a § 1983 suit and as his claims against the Commonwealth and

conclusory allegations devoid of facts showing that he is entitled to recover from them. Accordingly, the court grants Watson's and Johnson's motion to dismiss.

I.

In the light most favorable to Reid, the facts are as follows. On July 10, 2009, while Reid was incarcerated at Wallens Ridge in Big Stone Gap, Virginia, a correctional officer approached Reid shortly after Reid entered the prison cafeteria. The officer accused Reid of ignoring his requests to have Reid close a gate. Reid responded that he had not heard the officer. Another officer indicated that they should take Reid outside. The first officer pushed Reid from behind as Reid was exiting the cafeteria. As Reid began to turn around, two other officers tackled him from behind, slamming him into a concrete wall. The first officer then pinned Reid to the ground face down as others struck him on the back, sides, and head. That officer then stood up, and as he called Reid derogatory names and used racial slurs, kicked Reid's head several times. Reid's injuries included "a deep laceration to his left eyebrow, a gash in his bottom lip, a lacerated nose, cuts to both sides of his forehead, a bruised left hip, gaping cuts to both wrists and ankles, and lower back spinal nerve damage." (Second Amended Compl. ¶ 22, ECF No. 18.) Reid claims he asked the correctional officers that beat him for medical attention and they refused. He has named those correction officers as individual defendants.

Reid has also named both the former Warden and former Director of the VDOC as defendants because they allegedly knew of similar behavior and allowed it to continue:

> 31. Both defendants Watson and Johnson were well aware of, and had ratified and condoned, the history of violence, up to and including death, against black inmates at Wallens Ridge, perpetrated by corrections officers at this institution.

---

VDOC are barred by the Eleventh Amendment, the court dismisses all claims against the Commonwealth and VDOC.

32. Defendants have a pattern and practice of beating and maliciously wounding black inmates at their correctional institutions, which injuries in some cases have resulted in the deaths of these black inmates, including, but not limited to, at DOC's Wallens Ridge.

33. Defendants have a pattern and practice of attempting to cover up the beatings and malicious woundings, and deaths resulting therefrom, by employees of VA and DOC, of black inmates at their correctional facilities, including, but not limited to, at Wallens Ridge.

(Second Amended Compl. ¶ 31–33.)

## II.

Watson and Johnson have moved to dismiss Reid's claims against them because Reid's complaint contains only conclusory allegations devoid of facts showing complicity in the conduct of the correctional officers who allegedly used excessive force against Reid and denied him medical treatment. The court grants the motion.

It is not enough to show their supervisory authority to hold Watson and Johnson liable. Rather, Reid's federal and state claims alike require that he show their complicity in their subordinates' conduct. Under § 1983, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered.

See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (quoting Miller v. Bearn, 896 F.2d 848, 854 (4th Cir. 1990)).[2] Under Virginia law, absent an employer-employee relationship between a

---

[2] Supervisory liability under § 1983 is based "on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984) (relying on Orpiano v. Johnson, 632 F.2d 1096, 1101 (4th Cir. 1980)). A "plaintiff assumes a heavy burden of proof in establishing deliberate indifference." Lewis v. City of Roanoke, No. 700cv566, 2001 WL 418724, at *4 (March 28, 2001). A single incident or isolated incidents, as opposed to a "supervisor's

3

supervisor and his subordinate, a plaintiff must show that the supervisor authorized or participated in the tortious conduct of the subordinate.[3] Here, the court assumes that Reid's serious, though conclusory, allegations if factually supported would be sufficient to hold Watson and Johnson liable under his § 1983 and state law claims alike. But therein lies the essential problem. The allegations are boilerplate and conclusory, without supporting facts.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In evaluating a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded allegations and views the complaint in the light most favorable to the plaintiff. Phillips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). While the court must accept the claimant's factual allegations as true, this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citation omitted). Rather, plaintiffs must plead enough facts to "nudge[ ] their claims across the line from conceivable to plausible," and if the claim is not "plausible on its face" the court must dismiss it. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Asking for plausible grounds to infer" a claim's existence "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim. Id. at 556. But, as Iqbal admonishes, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S.Ct. at 1950.

---

continued inaction in the face of documented widespread abuses," ordinarily is insufficient to establish deliberate indifference. Slakan, 737 F.2d at 372–73 (citations omitted).

[3] See Rasi v. Dep't of Corrections, No. 7:08cv203, 2009 WL 102530, at *10 ("Public officers are generally not vicariously liable for the actions of a subordinate unless the public officer appointed that subordinate.") (relying on First Vir. Bank-Colonial v. Baker, 225 Va. 72, 80 n.4 (1983)).

4

Here, Reid alleges in boilerplate fashion that Watson and Johnson: "were well aware of, and had ratified and condoned the history of violence up to and including death, against black inmates at Wallens Ridge . . . [;] have a pattern and practice of beating and maliciously wounding black inmates at their correctional institutions, which injuries in some cases have resulted in the death of these black inmates . . . [; and] have a pattern and practice of attempting to cover up the beatings and malicious wounding, and deaths resulting therefrom . . . ." But despite the seriousness of these allegations, Reid offers virtually no factual support showing their plausibility. Consequently, the court grants Watson's and Johnson's motion to dismiss.

## III.

The court must accept Reid's pleadings as true at this stage, but it need not accept legal assertions or threadbare, conclusory factual assertions, as are Reid's claims against Watson and Johnson. Accordingly, the court dismisses all claims against those defendants.

**Enter**: March 27, 2012.

UNITED STATES DISTRICT JUDGE

5