CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 10 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **FRANK E. REID,** | ) | Civil Action No. 2:11cv00031 |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | |
| **J. CARICO** *et al.*, | ) | **By: Samuel G. Wilson** |
| **Defendants.** | ) | **United States District Judge** |

This is an action pursuant to 42 U.S.C. § 1983 and Virginia state law by Frank E. Reid, a Virginia inmate, against four correctional officers to redress alleged violations of Reid's rights arising out of a July 10, 2009, disturbance at Wallens Ridge State Prison. Reid claims that the defendants, correctional officers Carico, Robinson, Dixon, and Craft, used excessive force on him and denied him medical treatment in violation of the Eighth Amendment to the United States Constitution and Virginia state law. On June 14, 2012, the defendants moved for summary judgment, arguing that they used reasonable force on Reid in an effort to restore prison discipline and that Reid received appropriate medical care following the incident. Reid did not formally respond to the motion for summary judgment within the fourteen days provided in the court's December 21, 2011, scheduling order (and the court's local rules) and instead propounded various motions regarding the defendants' cooperation in discovery. On August 2, 2012, Reid finally responded to the motion for summary judgment and the defendants moved to strike the response as untimely. The court finds that good cause excuses Reid's late response and that lingering questions of fact preclude summary judgment. Accordingly, the court will deny the defendants' motion to strike and motion for summary judgment.

## I.

On July 10, 2009, a correctional officer approached Reid in the Wallens Ridge cafeteria and accused him of ignoring orders to close a gate in the prison's "D-yard." After Reid exchanged words with the correctional officers, the officers decided to remove Reid from the cafeteria. In Reid's version of events, a correctional officer tackled Reid as he was exiting the cafeteria, slammed him to the floor, pinned him, and repeatedly punched and kicked him while shouting racial slurs. Reid claims that he needed medical attention after the incident and that the defendants refused to provide it. The defendants offer a different version of events. According to them, Reid took a swing at a correctional officer as the group was leaving the cafeteria, and the officers responded by pushing Reid against a wall to restrain him and then taking him to the ground to gain control when he resisted. And, according the defendants, Reid initially refused medical attention and then intentionally flooded his cell with water, which further delayed treatment. The defendants claim that once they could access Reid's cell, they treated his abraded nose and two small lacerations with bandages, antibiotic cream, and ibuprofen, and continued the treatment appropriately.

Based on these events, Reid initially claimed a wide spectrum of constitutional and state law claims against a number of defendants. At oral argument on the defendants' motion to dismiss, Reid jettisoned all constitutional claims except his Eighth Amendment excessive force and deliberate indifference claims, and all of his state law claims except assault and battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. Soon after, the court entered a memorandum opinion to that effect and also dismissed two additional defendants. After discovery commenced, Reid filed a motion to extend discovery, and the defendants filed their motion for summary judgment. Reid did not respond to the motion for summary judgment, and instead filed a letter to the Magistrate Judge regarding scheduling and

2

discovery, a motion to compel discovery, a motion to stay oral argument on the summary judgment motion, and a motion to continue the trial date. Each filing complained in some way about the defendants' unwillingness to turn over materials important to Reid's case. Finally, three days before the August 6th summary judgment hearing, Reid filed a response to the motion for summary judgment, swearing to his version of events.

## II.

The defendants argue that the court should strike Reid's summary judgment response as untimely and deem their motion for summary judgment unopposed. Because Reid repeatedly pronounced discovery difficulties on the record, and because Reid had still not received court-ordered discovery as of the date of the summary judgment hearing, the court finds good cause for excusing his untimely response and therefore denies the defendants' motion to strike.

The court's December 21, 2011, scheduling order explains that when a motion is opposed, "a brief in opposition must be filed within 14 days of the service of the movant's brief . . . . Except for good cause shown, if a brief opposing a motion is not timely filed, the court will consider the motion to be unopposed." (Sched. Order, ECF No. 27.)[1] The Federal Rules of Civil Procedure provide that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Lack of diligence and carelessness are the 'hallmarks of failure to meet the good cause standard.'" Mesmer v. Rezza, No. DKC-10-1053, 2011 WL 5548990, at *5 (D. Md. Nov. 14, 2011) (quoting W. Va. Dev. Fund v. Ocwen Tech. Xchange, Inc., 200 F.R.D. 564, 567 (S.D.W. Va. 2001)); see also Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) ("The focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." (citation

---

[1] The court's local rules reiterate that requirement. See Local Rule 11(c)(1).

and internal quotation marks omitted)). "A party's failure to respond to discovery requests . . . constitutes good cause for modifying a scheduling order." <u>Mesmer</u>, 2011 WL 5548990, at *5.

In this case, Reid did not adhere to the letter of the court's order, but instead filed several motions arguing that the defendants had hampered his ability to litigate by stalling discovery. Reid's motions show that he contemplated a response to the summary judgment motion but felt restrained by the inaccessibility of evidence he believed important to his case. Moreover, as recently as the summary judgment hearing, the defendants had not yet provided court-ordered discovery materials. While the defendants are correct that Reid could have timely responded to the summary judgment motion without those materials (by offering the same affidavit he attached to his late-filed response), their argument presumes that a defendant may dictate the content of a plaintiff's filings by withholding discoverable materials. Under the circumstances, the court does not perceive a lack of diligence, finds good cause for Reid's late response, and denies the defendants' motion to strike.

## III.

The defendants argue that they used reasonable force in an effort to restore prison discipline, provided adequate medical care after doing so, and are entitled to dismissal of Reid's state law claims pursuant to 28 U.S.C. § 1367(c).[2] Reid argues that nearly every material fact in this case is in dispute and that summary judgment is improper. The court agrees with Reid.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The

---

[2] "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."

4

party moving for summary judgment bears the burden of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In reviewing a summary judgment motion under Rule 56, the court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

Here, Reid's version of events depicts correctional officers engaged in acutely unconstitutional behavior. The defendants' version depicts correctional officers attempting to restrain a violent and noncompliant inmate in an effort to restore order, followed by careful medical attention to the inmate's minor injuries. That discord presents questions of fact. Accordingly, the court denies the defendants' motion for summary judgment.

## IV.

For the reasons stated, the court denies the defendants' motion to strike and motion for summary judgment.

**ENTER**: August 10, 2012

_____
UNITED STATES DISTRICT JUDGE