# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| *FRANK E. REID*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:11-cv-0031 |
| | ) |
| *JONATHAN CARICO, et al.* | ) |
| | ) |
| Defendants. | ) |

## *PROPOSED JURY INSTRUCTIONS AND SPECIAL INTERROGATORIES*

The Defendant Robert Robinson submits the following as Proposed Jury Instructions and Special Interrogatories:

Instruction No. 1

Mr. Reid has the burden of proving each element of his civil rights claim by a preponderance of the evidence. Preponderance of the evidence means that it is more likely than not that the fact occurred.

Thus, in order to prevail on his claim, Mr. Reid must persuade you that it is more likely than not: first, that Mr. Robinson's conduct deprived Mr. Reid of a right protected by the federal Constitution; and second, that Mr. Robinson's conduct was the proximate cause of the injuries and damages sustained by Mr. Reid.

Instruction No. 2

If you find that Mr. Reid has proved by a preponderance of the evidence all of the elements of his claim for relief for the alleged violation of his civil rights, you must then decide if he suffered any damages as a result of the violation.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages; nor does it mean that I have any opinion as to liability one way or the other. It is for you alone to decide in accordance with my instructions whether a defendant whom you are considering is liable.

You should not reach the issue of damages unless you find that Mr. Reid has established liability on at least one of claims.

Instruction No. 3

Mr. Reid claims that while Mr. Robinson was acting under color of authority of the Commonwealth of Virginia, as a Correctional Officer at Wallens Ridge, Mr. Robinson intentionally violated Mr. Reid's constitutional right to be free of cruel and unusual punishment.

The civil rights law provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, violates his rights under the Constitution of the United States.

Under the Eighth Amendment to the Constitution of the United States, every person convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishment. This includes the right not to be beaten without legal justification.

In order to prevail on this claim Mr. Reid must prove each of the following facts by a preponderance of the evidence:

First:   That Mr. Robinson intentionally committed acts that violated Mr. Reid's constitutional right not to be subjected to cruel and unusual punishment;

Second:   That Mr. Robinson's acts were the proximate or legal cause of damages sustained by Mr. Reid.

The constitutional right to be free of cruel and unusual punishment includes the right of a convicted prisoner not to be subjected to excessive force while being detained in custody by a law enforcement or corrections officer. Not every use of force in prison is excessive. The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary, violates a prisoner's constitutional rights.

A corrections officer has the right, and the duty, to use such reasonable force as is necessary under the circumstances to maintain order and assure compliance with prison regulations. To find for Mr. Reid, you must find that Mr. Robinson's actions were grossly disproportionate to the need under the circumstances and were motivated by malice. Malice does not include mere carelessness or an unwise immediate and temporary overreaction. You must decide, therefore, whether the defendant officers' acts were taken in good faith for a legitimate reason, or whether they were maliciously undertaken for the purpose of causing harm to the plaintiff.

In making that decision you should consider the amount of force used in relationship to the need presented; the motive of the officer; the extent of the injury inflicted; and any effort made to temper the severity of the force used.

Special Verdict No. 1

Do you find from a preponderance of the evidence:

1.      That the defendant Mr. Robinson intentionally committed acts that violated Mr. Reid's constitutional right not to be subjected to cruel and unusual punishment?

Answer Yes or No _____

[Note: If you answered No to Question No. 1, you need not answer the remaining questions.]

2.      That Mr. Robinson's acts were the proximate or legal cause of damages sustained by Mr. Reid?

Answer Yes or No _____

3.      That Mr. Reid should be awarded damages to compensate for physical as well as emotional pain and mental anguish?

Answer Yes or No _____

If your answer is Yes,
in what amount?   $_____

Instruction No. 4

Mr. Reid claims that while Mr. Robinson was acting under color of authority of the Commonwealth of Virginia, as a Correctional Officer at Wallens Ridge, Mr. Robinson intentionally violated Mr. Reid's constitutional right to be free of cruel and unusual punishment.

Mr. Reid claims that Mr. Robinson was deliberately indifferent to Mr. Reid's serious medical needs in violation of his right to necessary medical care and attention.

In order to prevail on this claim Mr. Reid must prove each of the following facts by a preponderance of the evidence:

First:  That Mr. Robinson intentionally committed acts that violated Mr. Reid's constitutional right to be free of deliberate indifference to a serious medical need;

Second: That Mr. Robinson's acts were the proximate cause of damages sustained by Mr. Reid.

Under the Eighth Amendment to the Constitution of the United States, every person convicted of a crime or a criminal offense has the right to necessary medical care. A corrections officer would violate that constitutional right if the officer is deliberately indifferent to an inmate's serious medical need.

A "serious medical need" is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for prompt medical attention.

Deliberate or intentional conduct on the part of the officer is required before any violation of the Constitution occurs. Mere negligence or inadvertence does not constitute deliberate indifference. Mr. Reid must prove deliberate and intentional conduct resulting in a deprivation of his constitutional rights.

Special Verdict No. 2

Do you find from a preponderance of the evidence:

1.      That Mr. Robinson intentionally committed acts that violated Mr. Reid's constitutional right to be free of deliberate indifference to a serious medical need?

Answer Yes or No _____

[Note: If you answered No to Question No. 1, you need not answer the remaining questions.]

2.      That Mr. Robinson's acts were the proximate cause of damages sustained by Mr. Reid?

Answer Yes or No _____

3.      That Mr. Reid should be awarded the damages to compensate for physical and emotional pain and mental anguish?
                Answer Yes or No _____

                If you answered Yes,
                in what amount?   $_____

Instruction No. 5

Mr. Reid claims that Mr. Robinson committed a battery against him.

Under Virginia law, a battery is an intentional and unwanted touching of another without justification, excuse, or the consent of the other.

Mr. Robinson has not committed a battery if the preponderance of the evidence shows that he used reasonable force under the circumstances. A correctional officer may use reasonable force to maintain order and enforce prison rules, so long as the degree force used is not excessive or unreasonable.

Special Interrogatory No. 3

Do you find from a preponderance of the evidence:

1.   That Mr. Robinson committed a battery against Mr. Reid?

Answer Yes or No _____

[Note: If you answered No to Question No. 1, you need not answer the remaining questions.]

2.   That the battery was the proximate cause of damages sustained by Mr. Reid?

Answer Yes or No _____

3.   That Mr. Reid should be awarded the damages to compensate for physical and emotional pain and mental anguish caused by the battery?

        Answer Yes or No _____

        If you answered Yes,
        in what amount?   $_____

Instruction No. 6

Mr. Reid claims that Mr. Robinson intentionally inflicted emotional distress.

You shall find your verdict for Mr. Reid if he proved by clear and convincing evidence:

(1) that Mr. Robinson had the specific purpose of inflicting emotional distress upon Mr. Reid, and

(2) that the defendant's conduct was outrageous and intolerable in that it offends generally accepted standards of decency and morality; and

(3) that Mr. Reid suffered severe emotional distress; and

(4) that Mr. Reid's emotional distress was proximately caused by the defendant's conduct.

"Clear and convincing evidence" means that degree of proof which will produce in the mind of the jury as the trier of facts a firm belief as to the allegations sought to be established. Such measure of proof is intermediate, more than a mere "preponderance of the evidence" but less than is required for proof "beyond a reasonable doubt."

You shall find your verdict for the defendant if Mr. Reid failed to prove any one or more of the four elements above.

Special Interrogatory No. 4

Do you find by clear and convincing evidence:

1.      That Mr. Robinson committed intentional infliction of emotional distress against Mr. Reid?

Answer Yes or No _____

[Note: If you answered No to Question No. 1, you need not answer the remaining questions.]

2.      That the intentional infliction of emotional distress was the proximate cause of damages sustained by Mr. Reid?

Answer Yes or No _____

3.      That Mr. Reid should be awarded the damages to compensate for physical and emotional pain and mental anguish caused by the intentional infliction of emotional distress?

        Answer Yes or No _____

        If you answered Yes,
        in what amount?   $_____

Instruction No. 7


This case involves multiple defendants. The fact that the plaintiff proves that one defendant is liable does not necessarily mean that the other defendants are liable as well. Each defendant is entitled to a separate and individual consideration of his or her liability without regard to your decisions on any other defendant.

The plaintiff claims that the defendants violated his rights in a number of ways. He claims that the defendants violated federal and state law. If you find that one or more defendants did in fact violate one or more of the plaintiff's rights, you must remember that, in calculating the damages, the plaintiff is entitled to be compensated only once for the injuries he actually suffered.

Instruction No. 8

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, only part of it, or none of it. In weighing the testimony of a witness, you should consider his relationship to the parties. You should consider his interest, if any, in the outcome of the case, his manner of testifying, his opportunity to observe or acquire knowledge concerning the facts about which he testified, the candor, fairness, and intelligence of a witness and the extent to which a witness' testimony is supported or contradicted by other credible evidence.

A witness may be discredited or impeached by evidence that he has been convicted of a felony. A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

If you believe that a witness has been discredited or impeached, you may give the testimony of that witness such credibility, if any, as you think it deserves.

               ROBERT ROBINSON, Defendant

              By: /s Steven R. Minor

Counsel:
Steven R. Minor, No. 30496
ELLIOTT, LAWSON & MINOR, P.C.
110 Piedmont Ave., Suite 300
Bristol, VA 24201
Tel: (276) 466-8400
Fax: (276) 466-8161
E-mail: sminor@elliottlawson.com

## *CERTIFICATE OF SERVICE*

  I hereby certify that on this the 22nd day of October, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system

              By: /s Steven R. Minor
                 Counsel