# INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important.

## DUTY OF JURY

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, the facts that have been stipulated–that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

## SPECIAL INTERROGATORIES: EXCESSIVE FORCE

The issues in this case are being submitted to you in the form of questions–called Special Interrogatories.

The questions are:

1. Has Mr. Reid proven by a preponderance of the evidence that Sergeant Carico used force against Reid maliciously for the purpose of causing harm, rather than in a good faith effort to maintain or restore discipline or to protect himself from serious injury?

   _____ Yes         _____ No

2. Has Mr. Reid proven by a preponderance of the evidence that Officer Robinson used force against Reid maliciously for the purpose of causing harm, rather than in a good faith effort to maintain or restore discipline or to protect himself from serious injury?

   _____ Yes         _____ No

3. Has Mr. Reid proven by a preponderance of the evidence that Officer Dixon used force against Reid maliciously for the purpose of causing harm, rather than in a good faith effort to maintain or restore discipline or to protect himself from serious injury?

   _____ Yes         _____ No

4. Has Mr. Reid proven by a preponderance of the evidence that Officer Craft used force against Reid maliciously for the purpose of causing harm, rather than in a good faith effort to maintain or restore discipline or to protect himself from serious injury?

   _____ Yes         _____ No

## SPECIAL INTERROGATORIES: ASSAULT & BATTERY

5. Has Mr. Reid proven by a preponderance of the evidence that Sgt. Carico used more force than was necessary from the perspective of a reasonably prudent officer acting under the same or similar circumstances?

   _____ Yes          _____ No

6. Has Mr. Reid proven by a preponderance of the evidence that Officer Robinson used more force than was necessary from the perspective of a reasonably prudent officer acting under the same or similar circumstances?

   _____ Yes          _____ No

7. Has Mr. Reid proven by a preponderance of the evidence that Officer Dixon used more force than was necessary from the perspective of a reasonably prudent officer acting under the same or similar circumstances?

   _____ Yes          _____ No

8. Has Mr. Reid proven by a preponderance of the evidence that Officer Craft used more force than was necessary from the perspective of a reasonably prudent officer acting under the same or similar circumstances?

   _____ Yes          _____ No

# SPECIAL INTERROGATORIES: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

9. Has Mr. Reid proven by clear and convincing evidence that Sgt. Carico intentionally inflicted severe emotional distress on Mr. Reid by outrageous and intolerable conduct that offends generally accepted standards of decency and morality?

  _____ Yes        _____ No

10. Has Mr. Reid proven by clear and convincing evidence that Officer Robinson intentionally inflicted severe emotional distress on Mr. Reid by outrageous and intolerable conduct that offends generally accepted standards of decency and morality?

  _____ Yes        _____ No

11. Has Mr. Reid proven by clear and convincing evidence that Officer Dixon intentionally inflicted severe emotional distress on Mr. Reid by outrageous and intolerable conduct that offends generally accepted standards of decency and morality?

  _____ Yes        _____ No

12. Has Mr. Reid proven by clear and convincing evidence that Officer Craft intentionally inflicted severe emotional distress on Mr. Reid by outrageous and intolerable conduct that offends generally accepted standards of decency and morality?

  _____ Yes        _____ No

## STANDARD OF PROOF

As you can see from the special interrogatories, the plaintiff has the burden of proving his excessive force and assault and battery claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that the Plaintiff's claim is more likely true than not true.

Plaintiff has the burden of proving his intentional infliction of emotional distress claim by "clear and convincing evidence." When a party has the burden of proving an issue by clear and convincing evidence, he must produce evidence that creates in your minds a firm belief or conviction that he has proved the issue.

In deciding whether any fact has been proven, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

## INTERROGATORIES #1 THROUGH #4; EXCESSIVE FORCE; EIGHTH AMENDMENT STANDARD

The Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment, protects convicted prisoners from malicious and sadistic uses of physical force by prison officials. On the other hand, as custodians of the prison and of the prisoners confined, the defendants had the lawful authority, indeed the lawful duty, to enforce discipline among the prisoners, and to enforce regulations governing the conduct and orderly operations of the prison. You are not here to second guess an officer's use of reasonable force to restore discipline and maintain security.

In this case, Mr. Reid claims that defendants used excessive force without provocation for the purpose of inflicting pain. In order to establish his claim for violation of the Eighth Amendment, Mr. Reid must prove that an officer used force against him maliciously, for the purpose of causing harm, rather than in a good faith effort to maintain or restore discipline or to protect himself from serious injury. It is not enough to show that, in hindsight, the amount of force seems unreasonable; the plaintiff must show that a defendant used force maliciously, for the purpose of causing harm. When I use the word "maliciously," I mean intentionally injuring another, without just cause or reason, and doing so with excessive cruelty or a delight in cruelty.

In deciding whether Mr. Reid has proven this claim, you should consider whether defendants used force against Mr. Reid, whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied. In considering whether there was a need for force, you should consider all the relevant facts and circumstances that defendants reasonably believed to be true at the time of the encounter. Such circumstances can include whether the defendants reasonably perceived a threat or a potential threat to the safety of themselves, staff, inmates, or order and, if so, the extent of that threat. You should also consider whether less severe use of force appeared to be an available and reasonable alternative to the defendants and if so whether defendants made any effort to temper the severity in a manner that appeared available under the circumstances.

A use of force can violate the Eighth Amendment even if it does not cause significant injury. Although the extent of any injuries to Mr. Reid may help you assess whether a use of force was legitimate, a malicious and sadistic use of force violates the Eighth Amendment even if it produces no significant physical injury.

## INTERROGATORIES #5 THROUGH #8: ASSAULT & BATTERY

A battery is an unwanted touching which is neither consented to, excused, nor justified. In carrying out his official duties, a correctional officer has the right to use reasonable force. The use of reasonable force by an officer carrying out his official duties is not an assault or battery. The amount of force that is reasonable will vary depending on all of the surrounding circumstances. The amount of force that is reasonable is to be judged from the perspective of a reasonably prudent officer acting under the same or similar circumstances and without the benefit of hindsight judgment.

## ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; ETC

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court.

Remember that you should not tell anyone--including me--how your votes stand numerically.

<u>Fourth</u>, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

<u>Finally</u>, a verdict form is simply written notice of a decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.